UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20257-BLOOM

JARAMILLO VELEZ, *et al.*,

    Plaintiffs/Petitioners,

v.

MERRICK B. GARLAND, *Attorney General of the United States*, et al.,

    Defendants/Respondents.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS FOR MOOTNESS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss for Mootness, ECF No. [7] ("Motion"), filed on April 10, 2023. On April 26, 2023, Plaintiffs filed a Response, ECF No. [9], to which Defendants filed a Reply on May 3, 2023, ECF No. [10]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised.

Defendants argue in the Motion that Plaintiffs' Complaint is moot because "Defendant United States Citizenship and Immigration Services (USCIS) approved Plaintiffs' pending Application to Register Permanent Residence of Adjust Status (Form I-485s) on February 28, 2023 and March 22, 2023." ECF No. [7] at 1. In Response, Plaintiffs confirm that Defendants granted the Form I-485s. ECF No. [9] at 2. Plaintiffs do not dispute that their Complaint is moot, but rather request the Court stay a decision on the Motion or deny it "until Plaintiffs receive their lawful permanent resident cards with correct information." *Id.* In Reply, Defendants state that "USCIS has agreed to issue new [lawful permanent resident] cards outside the normal processing times and without a filing fee because of the error." ECF No. [10] at 1.

Case No. 23-cv-20257-BLOOM

Plaintiffs Lucia Jaramillo Velez ("Lucia") filed the instant action on January 23, 2023, seeking injunctive and declaratory relief, and a writ in the nature of mandamus—specifically to compel Defendants to adjudicate Plaintiffs' Applications to Register Permanent Residence or Adjust Status (Form I-485s)—as well as an award of reasonable attorneys' fees. ECF No. [1] at 13. Since the parties agree that Plaintiffs' Form I-485s were adjudicated, the above-styled action no longer presents a case or controversy under Article III, § 2, of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Accordingly, there is nothing for the Court to remedy, so it is deprived of the power to act. *See id.* at 18. The issue with the accuracy of the lawful permanent resident cards raised in the Response is not one that is alleged in the Complaint, so that issue is not part of the case or controversy in this action. As such, this case is moot.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows.

1. Defendants' Motion, **ECF No. [7]**, is **GRANTED**.
2. The Clerk of Court is directed to **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[1] Attorneys' fees are not warranted under the Equal Access to Justice Act (see 28 U.S.C. § 2412) because Plaintiffs are not the "prevailing party." *See Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs.*, 452 F.3d 1254, 1258 (11th Cir. 2006) (finding that plaintiffs were not the prevailing party where "[t]he Government voluntarily processed their [lawful permanent residency] applications and conducted interviews before the district court entered any final judgment.").

Case No. 23-cv-20257-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 4, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record